| | |
|---|---|
| TABITHA L. COTTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 15, 18]. A hearing was held on these matters before the undersigned on January 13, 2022, at Raleigh, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed her application on August 10, 2018, alleging disability beginning April 18, 2018. Plaintiff's alleged onset date was later amended to July 1, 2018. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel appeared via videoconference.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since her amended alleged onset date and met the insured status requirements through July 1, 2018, at step one, the ALJ found at step two that plaintiff had severe impairments – bipolar disorder, major depressive disorder, generalized anxiety disorder, somatization disorder, obesity, lupus, hypertension, hyperlipidemia, hypothyroidism, and headaches/migraines – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform light work with a number of nonexertional limitations. The ALJ found at step four that plaintiff could not perform her past relevant work as a medical records technician, medical clerk, or medical transcriptionist. The ALJ found at step five, however, that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, specifically toy weigher, apparel stock clerk, and paper tying machine operator. Accordingly, the ALJ found plaintiff not to be disabled as of the date of his decision.

3

Plaintiff raises two assignments of error. First, plaintiff argues that defendant committed reversible error in failing to find that plaintiff's generalized anxiety disorder met or equaled Listing 12.06. Second, plaintiff argues that defendant committed reversible error in failing to properly set forth plaintiff's nonexertional limitations by including at least one workplace absence per month in light of plaintiff's mental impairments and migraines.

As for plaintiff's first assignment of error, the Court finds that the ALJ sufficiently considered whether plaintiff satisfied the criteria to meet or equal the mental disorder Listings, specifically Listing 12.04, 12.06, and 12.07. *See* Tr. 156-57. However, because of demonstrated and recurring absences from work and plaintiff's inability to work on regular schedule, the substantial evidence in the record does not support that plaintiff can perform work on a regular and continuing basis, meaning eight-hours a day, five days per week. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

In 2018, plaintiff was fired from her job which she had held for two years because she missed too much work due to her medical conditions. Tr. 452. In February 2019, plaintiff's headaches became more frequent and severe, with two bad headaches per month; plaintiff's headaches are accompanied by nausea, phonophobia, and photophobia. Tr. 671. Pain and depression prevented plaintiff from engaging in daily activities without assistance several times per month. Tr. 199; *see also* Tr. 746. As of the hearing date, plaintiff testified that she continued to experience migraine headaches at least two to three times a month. Tr. 199. Plaintiff testified that when she experiences a migraine she is unable to do anything and sits in a dark room. Tr. 191. The record fully supports a limitation that plaintiff would be absent from work one day per month due to her conditions. When posed with this additional limitation in a hypothetical, the vocational

4

expert (VE) testified that no jobs would be available in the national economy which plaintiff could perform. Tr. 205.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). The RFC in this case is not supported by substantial evidence as it does not include a limitation that plaintiff would be absent one day per month.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the VE has already testified that the additional limitation in plaintiff's RFC which is supported by substantial evidence would preclude plaintiff from performing work available in the national economy. Remand for additional proceedings would thus serve no purpose and reversal is appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 18] is DENIED.

The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this ___3___ day of February 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE